# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00446-CR

**Deborah Tate, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
## NO. 9040275, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Deborah Tate guilty of securing the execution of a document by deception. *See* Tex. Penal Code Ann. § 32.46 (West Supp. 2006). The district court assessed punishment at two years in state jail but suspended imposition of sentence and placed appellant on community supervision. Appellant, who represents herself on appeal, complains of ineffective assistance by her trial counsel and misconduct by the prosecutor. We will affirm the conviction.

Appellant does not contest the sufficiency of the evidence, which shows that she fraudulently collected unemployment benefits at the same time she was receiving workers' compensation benefits. Specifically, the jury found that appellant secured the execution of twelve treasury warrants having an aggregate value exceeding $1,500 by falsely certifying that she was not receiving workers' compensation.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel made such serious errors that she was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that she was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Appellant's brief and its attachments are not part of the record and are not evidence.

Appellant first contends that her trial counsel was ineffective because she failed to interview witnesses before trial. The only evidence cited to support this claim is counsel's remark, made as she began her cross-examination of a State witness, indicating that she had not previously met that witness. Appellant further asserts that her attorney made false and incorrect statements during the trial and failed to object to false and incorrect statements by the prosecutor and State witnesses. For the most part, appellant does not provide record references. Where she does refer us to the record, she cites no evidence that the referenced statement was false or inaccurate. Finally, appellant urges that her attorney possessed evidence that would have proved appellant's innocence but failed to introduce it at trial. Once again, however, appellant's assertion is not supported by the

2

record before us. Appellant has not demonstrated that her attorney's performance was outside the broad range of reasonable professional assistance.

Appellant's complaints regarding the prosecutor are also without support in the record. Appellant asserts that the prosecutor made false and incorrect statements and adduced false testimony from State witnesses. Although appellant does cite us to some statements that she claims were misstatements, she does not refer us to evidence to support her claim that the cited statements were incorrect. We also note that some of the alleged misstatements by the prosecutor were made during jury argument and merely reflected the prosecutor's view of the evidence. We find no basis in the record for concluding that the prosecutor deliberately adduced false or misleading evidence in the trial of this cause or otherwise engaged in misconduct calculated to prejudice the defense.

The points of error are overruled and the judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: March 22, 2007

Do Not Publish

3